## EXEMPTION RIGHTS OF WIDOW WHO HAS SEPARATED FROM HER HUSBAND.

[Circuit Court of Muskingum County.]

IN THE MATTER OF THE ESTATE OF DIVVER MCMILLAN, DECEASED.

Decided, June, 1906.

*Husband and Wife—Widow's Exemption—Year's Support—Section 6038 Construed.*

The fact that a husband and wife separate, and live apart for a number of years, does not destroy the wife's right of exemption as a widow; but until they are divorced, the wife at his death is entitled to a year's support and the articles of personal property mentioned in the statute.

McCARTY, J.; DONAHUE, J., and TAGGART, J., concur.

This matter comes before us on appeal from the common pleas and probate courts.

The statute authorizes certain property to be held exempt by a widow in her own name.  This the appraisers of the estate of Divver McMillan failed to do in the first instance, and being called together again and instructed as to their duties, they went out to make a different appraisement; hence the question arises as to the rights of the widow and the rights of the executors under the will.  A demurrer has been interposed to the answer of the executors by Mary A. McMillan, by Eli Border, her guardian, which answer reads as follows:

"Now come the executors of the last will and testament of the said Divver McMillan, deceased, and for answer to the application of Mary A. McMillan, by Eli Border, her guardian, to recall the appraisers, etc., of said estate and make allowances under the provisions of Sections 6038, 6039, 6040 and 6041 of the Revised Statutes of Ohio, say:

"That the said Mary A. McMillan on the 14th day of October, 1897, without cause deserted her husband and lived apart and separate from her husband during the remainder of his lifetime, to-wit, seven years; that said separation was a voluntary act of the said Mary A. McMillan, and was misconduct on her part, and the family relationship of husband and wife did not exist at the time of the death of the said Divver McMillan, and had not from said 14th day of October, 1897, and that the right of

the widow to said year's allowance does not exist, for the reason that the family relation as above stated did not exist at the time of the death of the said Divver McMillan, and for the further reason that an agreement was made between the said Divver McMillan and the children of the said Mary A. McMillan, on the 23d day of October, 1897, whereby it was agreed that the said Divver McMillan should be relieved of any claim on account of support of said Mary A. McMillan so long as she might remain away from his home. Wherefore, these executors pray that the inventory filed by said appraisers be approved and that the application for recalling the appraisers, etc., be overruled and for such other relief as is proper.''

To this answer a demurrer was interposed which raised the question as to whether the answer sets forth facts sufficient to constitute a defense on the part of the appraisers for not setting apart a year's support.

This brings us to another question, viz., is the widow entitled, in her own right, to certain things without administration; has she a right to a year's support and certain articles of personal property? The question was fully argued, heard, and disposed of in the probate court, and a petition in error was filed in the common pleas court, which court sustained the demurrer.

Section 6038 of the Revised Statutes is in this language:

''When any person shall die leaving a widow or minor child or children under the age of fifteen years, the following property shall not be deemed assets or administered as such, but shall be included and stated in the inventory of the estate and signed by the appraisers without appraising the same—

''First. One family sewing machine, to be retained by said widow absolutely as her own property, and all spinning wheels, weaving looms, and stoves set up and kept in use by the family.

''Second. The family Bible, family pictures, and school books used by or in the family of the deceased, and books, not exceeding one hundred dollars in value, which were kept and used as part of the family library before the decease of such person.

''Third. One cow, or if there be no cow, household goods, to be selected by the widow, or if there be no widow, by the guardian or next friend of such minor child or children, not exceeding $40 in value, or if there be no household goods such as the widow or guardian or next friend may desire to select, then $40 in money: all sheep to the number of twelve, their valuation not to be greater than $75, and the wool shorn from them, and the yarn

and cloth manufactured by the family; all flax in possession of the family intended for the use thereof, and yarn or thread cloth manufactured therefrom.

"Fourth. All the wearing apparel and ornaments of the family and of the deceased, all the beds, bedsteads, and bedding, cooking utensils, and tableware necessary for the use of the family, one clock, one side saddle, and any other articles of personal property not to exceed $100 in value, which the widow, or if there be no widow, the guardian or next friend of such minor child or children, may select, to be valued by the appraisers."

It is said here in argument that there was some controversy between husband and wife, and it was perhaps mutually agreed by them that they would live apart and not cohabit together as husband and wife any further, which they continued to do for about the period of seven years. It is contended that relations between them as parts of the same family ceased to exist, and it is also said that the wife at one time brought an action for divorce, there was an answer to this petition praying for divorce, but there was never any divorce granted. Therefore, when this husband died, he left this woman as his widow, there being no legal separation, and as his widow she would be entitled to a year's support and the articles of personal property as I have stated.

In the note under Section 6038 is the following:

"The allowance to the widow for her support for the year is such a debt against the estate of her husband that resort may be had for the payment of the same against land conveyed away by the deceased for the purpose of defrauding his creditors."

There are several decisions along this line, holding, in effect, that until a wife and a husband are divorced, the wife is, at the husband's death, entitled to a year's support and the articles of personal property mentioned in the statute.

We have, therefore, concluded that the answer set up by the executors does not constitute a defense to the cause of action stated in the application of Mary A. McMillan, and we shall affirm the decision of the common pleas court, and we sustain the demurrer to said answer.

*McHenry & Ribble*, for plaintiff in error.

*Winn & Bassett*, for defendant in error.